UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MATTHEW MULLEN and PAUL HERMAN, on behalf
of themselves and all other persons similarly situated,

                            Plaintiffs,                    **COMPLAINT**

    -against-

MELRIC SYSTEMS CORP. and FRANK MORISCO,        *FLSA Collective Action*

                            Defendants.
---------------------------------------------------------------------X

Plaintiffs, MATTHEW MULLEN ("Mullen") and PAUL HERMAN ("Herman," together with Mullen as "Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, MELRIC SYSTEMS CORP. and FRANK MORISCO, (collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs, on behalf of themselves and all other similarly situated employees and former employees of Defendants, bring this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et. seq. and allege that they and all others who elect to opt into this action pursuant to the collective action provision of, 29 U.S.C. § 216(b), are entitled to recover from Defendants: (1) unpaid wages for work performed for which they received no compensation at all; (2) unpaid wages for overtime work for which they did not receive overtime premium pay, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiffs, on their own behalf, bring this lawsuit seeking recovery against Defendant for Defendant's violation of the New York Labor Law, Art. 6, §§ 190 et. seq., and Art.

19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively, "NYLL"), and allege that they are entitled to recover from Defendant: (1) unpaid wages for work performed for which they received no compensation at all; (2) unpaid wages for overtime work for which they did not receive overtime premium pay; (3) liquidated damages; (4) statutory penalties; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      In addition, the Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

5.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6.      At all times relevant to the complaint, Plaintiff Mullen was an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e), and NYLL §190(2).

7.      At all times relevant to the complaint, Plaintiff Herman was an "employee" within the meaning of the FLSA, 29 U.S.C. §203(e), and NYLL §190(2).

8.      Defendant, Melric Systems Corp., is a domestic business corporation with a principal place of business located at 16 Norden Lane, Huntington Station, New York 11746.

9.      At all times relevant, Defendant Melric Systems Corp. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

10.     At all times relevant, Defendant Melric Systems Corp. was and still is an "employer" within the meaning of Labor Law §190(3).

11.     At all relevant times, Defendant Melric Systems Corp. was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000.00, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendants' employees were engaged in the installation and servicing of building waterproofing systems and used tools, material and equipment, much of which originated in other states.

12.     Defendant Frank Morisco, was and is an owner and/or officer of the corporate defendant, has authority to make payroll and personnel decisions for Melric Systems Corp., and is active in the day-to-day management of Melric Systems Corp., including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

13.     At all times relevant, Defendant Frank Morisco was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

14.     At all times relevant, Defendant Frank Morisco was and still is an "employer" within the meaning of Labor Law §190(3).

## FACTUAL ALLEGATIONS

15.     Defendants operate a corporation that provides commercial-building waterproofing installation and maintenance services.

16.     Plaintiff Mullen was employed by Defendants as a water proofer from in or about 2009 until on or about December 6, 2022.  Plaintiff Herman was employed by Defendants as a water proofer from in or about 2012 through July 2022.

17.     Plaintiffs' job duties included installing and maintaining water proofing systems. Additionally, they often acted as job foremen in name only.  At all times relevant, Plaintiffs did not have authority to hire and/or fire employees, did not set employee rates of pay or schedules, and did not have authority to discipline employees.  Plaintiffs merely provided direction to other employees at their physical job sites when Defendant Frank Morisco was not present.

18.     Plaintiffs regularly worked five days per week, Monday through Friday, from 5:00 a.m. until 4:00 p.m., for a total of 55 hours per week.

19.     Each workday, Plaintiffs arrived at Defendants yard in Huntington Station at 5:00 a.m., and were required to load the company trucks with tools and equipment for the jobs they had been assigned that day.  Plaintiffs then drove the trucks and their fellow employees to the necessary job sites, which were regularly located in the New York City area, and ultimately arrived at their respective job sites by 7:00 a.m.  Plaintiffs were required to work at their respective job sites until 2:00 p.m., then load up the trucks with the tools and materials to return them to Defendants' Huntington Station yard.  Due to daily traffic, Plaintiffs would not get back to the Huntington Station yard until approximately 4:00 p.m., at which point they were required to unload the trucks and be dismissed for the day.

20.     Defendants paid Plaintiffs at a regular hourly rate of $47.50 per hour by check.

21.     Defendants only compensated Plaintiffs for the seven hours per day they spent on the job site.  Thus, Defendants routinely compensated Plaintiffs for only thirty-five hours or less per week, and thereby failed to compensate Plaintiffs for approximately twenty hours of work per week.

22.     During their employment with Defendants, Plaintiffs regularly worked more than 40 hours per week.  However, Defendants failed to pay Plaintiffs for all hours worked, and failed

4

to pay Plaintiffs overtime at the rate of one and one-half times their regular rates of pay for hours worked in excess of 40 hours per week.

23.     As Defendants did not accurately calculate Plaintiffs' wages and total hours worked, Defendants failed to provide Plaintiffs with accurate statements each pay period indicating the number of overtime hours worked, overtime rates of pay and other information required by Section 195(3) of the NYLL.

24.     Defendants treated and paid the Plaintiffs and the putative collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

25.     At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

26.     Plaintiffs also bring FLSA claims on behalf of themselves and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed similar duties including, installation and service of waterproofing systems at any time during the three (3) years prior to the filing of their respective consent forms.

27.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

28.     Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

29.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b)  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

### FIRST CLAIM FOR RELIEF
### <u>OVERTIME FAIR LABOR STANDARDS ACT</u>

30.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

31.     Defendants employed Plaintiffs and the Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs and the Collective Action Plaintiffs overtime compensation for time worked in excess of forty (40) hours per week in violation of the FLSA.

32.     Defendants' violations of the FLSA as described in this Complaint have been willful.  Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

33. As a result of Defendants' unlawful acts, Plaintiffs and each Opt-In Plaintiff are entitled to recovery from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## OVERTIME NEW YORK LABOR LAW

34. Plaintiffs and each Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

35. Defendants employed Plaintiffs and each Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rates in violation of New York Labor Law.

36. By Defendants' failure to pay Plaintiffs and each Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

37. Plaintiffs and each Collective Action Plaintiff who opts-in to this action is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

38. Plaintiffs and each Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

39. Defendants failed to provide Plaintiffs and each Collective Action Plaintiff who opts-in to this action with accurate statements each pay period setting forth the number of overtime

hours worked, and overtime wages paid as required by Labor Law Section 195(3) of the Labor Law.

40.     Due to Defendants' failure to provide Plaintiffs and each Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(3), Defendants are liable to Plaintiffs and each Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, and on behalf of all other similarly situated persons, pray for the following relief:

(i.)     Certification of a collective action pursuant to 29 U.S.C. 216(b);

(ii.)     An order authorizing the dissemination of notice of the pendency of this action;

(iii.)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law and the supporting N.Y.S Department of Labor Regulations;

(iv.)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq.;

(v.)     Statutory damages pursuant to New York Labor Law §198;

(vi.)     Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.)     Pre-judgment and post-judgment interest as permitted by law; and

(viii.)   Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
       March 3, 2023

                                LAW OFFICE OF PETER A. ROMERO PLLC

                By:     ***/s Matthew J. Farnworth***
                                Matthew J. Farnworth, Esq.
                                Peter A. Romero, Esq.
                                490 Wheeler Road, Suite 250
                                Hauppauge, New York 11788
                                Tel. (631) 257-5588
                                mfarnworth@romerolawny.com
                                *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Melric Systems Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Matthew Mullen

01-11-23
_____
Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Melric Systems Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____           2-13-23
Paul Herman                        Date